1 | OPHIR JOHNA (SBN 228193)
OJohna@maynardcooper.com
2 | Maynard Cooper & Gale LLP
10100 Santa Monica Boulevard, Suite 550
3 | Los Angeles, CA 90067
Telephone:  310.596.4500
4 |
Attorneys for Plaintiff-in-Interpleader
5 | Primerica Life Insurance Company

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | PRIMERICA LIFE INSURANCE | Case No.  2:23-cv-01478
COMPANY, a corporation,

12 |                          Plaintiff,

13 | **COMPLAINT IN INTERPLEADER**

            v.
14 | [28 U.S.C. § 1332; Fed. R. Civ. P. 22]

ANNALYN NGO, an individual;
15 | KEVIN MARTINEZ, an individual; and
DOES 1 through 5, inclusive,

16 |                        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff-in-Interpleader Primerica Life Insurance Company ("Primerica") hereby alleges as follows:

## **PARTIES**

1.   Primerica is a corporation re-domesticated in the State of Tennessee, with its principal place of business in the State of Georgia.

2.   Primerica is informed and believes, and on that basis alleges, that Defendant Annalyn Ngo ("Ngo") is a citizen of California and a resident of Los Angeles County, California.

3.   Primerica is informed and believes, and on that basis alleges, that Defendant Kevin Martinez ("Martinez") is a citizen of Los Angeles County, California.

4.   The true names and capacities of Does 1 through 5, inclusive, are presently unknown to Primerica, and as such they are sued under fictitious names. When their true names and capacities are ascertained, Primerica will amend this Complaint accordingly.  Primerica is informed and believes, and on that basis alleges, that Does 1 through 5, inclusive, each may claim an interest in the life insurance proceeds at issue in this action.

## **JURISDICTION AND VENUE**

5.   This Court has subject matter jurisdiction over this Complaint in Interpleader pursuant to 28 U.S.C § 1332 and Federal Rule of Civil Procedure 22 in that there is complete diversity of citizenship between Primerica, on the one hand, and Defendants, on the other hand, and in that the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

1    6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that
2  a substantial part of the events or omissions giving rise to this action occurred in this
3  District.  Venue also is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) in
4  that at least one of the Defendants is subject to the Court's personal jurisdiction in
5  this District with respect to this action.

6

7                          **FACTUAL ALLEGATIONS**

8

9    7.    Primerica re-alleges paragraphs 1 through 6, inclusive, as though set
10 forth fully herein.

11   8.    Martin Kunkel (the "Insured") was insured under a Spouse Term
12 Insurance Rider to a term life insurance policy issued by Primerica to and owned by
13 his ex-wife.

14   9.    On or about August 14, 2022, following divorce, the Insured submitted
15 to Primerica a Policy Change Application for Individual Term Life Insurance
16 ("Policy Change Application"), through which he requested to convert his coverage
17 to a new individual term life insurance policy with a face amount of $150,000.

18   10.   As a result of the Policy Change Application, Primerica issued a life
19 insurance policy, number 0434664846 (the "Policy"), to the Insured.  The Policy
20 provided a death benefit of $150,000 (the "Benefit") in the event of the Insured's
21 death to the beneficiary(ies) designated by the Insured, subject to terms, conditions,
22 and provisions set forth in the Policy.

23   11.   In the Policy Change Application, the Insured designated Ngo as the
24 Policy's sole principal beneficiary and Thomas Soto as the sole contingent
25 beneficiary.

26   12.   The Insured died in or about September 28, 2022.

27   13.   Following the Insured's death, Ngo submitted a claim for the Benefit.

28

14.     Martinez, the Insured's son, contacted Primerica to dispute Ngo's claim and to "file a competing claim" for the Benefit based on the assertion that the Insured's designation of Ngo as the Policy's beneficiary was made "at the end of his life," when the Insured was "seriously ill" and "under a lot of medication." Martinez contended that the Insured "was not of sound mind or unduly influenced and coerced when changing the beneficiary designation." Upon information and belief, Martinez asserts that the Benefit should be paid to him and not to Ngo.

## CLAIM FOR INTERPLEADER

### (Against All Defendants, Including Does 1 through 5)

15.     Primerica re-alleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

16.     Based on the above allegations, Primerica is faced with possible competing and adverse claims to the Benefit, the validity of which Primerica is unable to determine, and exposure to double or multiple liability for the Benefit. Specifically, Primerica is unable to determine whether the Benefit is payable to Ngo, as the named principal beneficiary under the Policy, or whether, as Martinez contends, the designation of Ngo was invalid and the Benefit instead is payable to Martinez.

17.     Additionally, Primerica is informed and believes, and on that basis alleges, that Does 1 through 5, inclusive, each also may assert a competing, adverse claim to the Benefit. Primerica will amend this Complaint to name any such additional claimants once their identities are ascertained.

18.     Primerica files this interpleader claim in good faith and without any collusion with any of the parties hereto. Primerica claims no interest in the Benefit (other than to the extent any recovery of fees and costs from the stake may be permitted by law) and is merely a non-interested stakeholder in this action.

19.    Primerica admits its liability under the Policy in the Benefit amount of $150,000, plus applicable interest, and will deposit said amount with the Court in connection with these proceedings.  Primerica is, and always has been, ready, able, and willing to pay these funds to the person who may lawfully be entitled to receive them.  However, Primerica is unable to determine who among the Defendants is entitled to receive the Benefit without being faced with the real and reasonable potential of liability to multiple parties seeking the funds at issue.

20.    Primerica has incurred, and will continue to incur, attorneys' fees and costs in connection with these proceedings.

## **PRAYER FOR RELIEF**

WHEREFORE, Primerica prays for judgment against Defendants, and each of them, as follows:

A.    That Defendants, and each of them, be required to interplead and litigate among themselves their claims to the Benefit;

B.    That this Court enter an order setting forth the proper recipient(s) of the Benefit;

C.    That the Court enter an order restraining Defendants, and each of them, from instituting or further prosecuting any other proceeding in any court against Primerica and/or its agents with respect to the Policy and/or the Benefit;

D.    That Primerica be discharged of all liability with respect to the Policy and the Benefit;

E.    That Primerica be awarded its costs and reasonable attorneys' fees to be determined by the Court and paid out of the stake; and

///

///

///

1        F.     For such other and further relief as the Court deems reasonable and just

2   under the circumstances.

3   Dated:  February 28, 2023          MAYNARD COOPER & GALE LLP

4

5                 By:  /s/ Ophir Johna
                   OPHIR JOHNA

6                      Attorneys for Plaintiff-in-Interpleader
                   Primerica Life Insurance Company

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28