OPHIR JOHNA (SBN 228193)
OJohna@maynardnexsen.com
Maynard Nexsen LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorneys for Plaintiff-in-Interpleader
Primerica Life Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANNALYN NGO, an individual; KEVIN MARTINEZ, an individual; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No. 2:23-CV-01478-JLS-AFM<br><br>Hon. Josephine L. Staton<br>Courtroom: 8A<br><br>**PRIMERICA LIFE INSURANCE COMPANY AND ANNALYN NGO'S JOINT MOTION FOR COURT'S ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT KEVIN MARTINEZ**<br><br>**[Fed. R. Civ. P. 55(b); L.R. 55-1]**<br><br>[Filed concurrently with Declaration of Ophir Johna and Proposed Order]<br><br>Hearing Date: October 20, 2023<br>Hearing Time: 10:30 a.m.<br>Courtroom: 8A<br><br>Complaint filed: February 28, 2023 |

1  TO THE HONORABLE COURT, THE CLERK OF THE COURT AND TO
2  ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

3  PLEASE TAKE NOTICE THAT on October 20, 2023 at 10:30 a.m., or as
4  soon thereafter as the matter may be heard in Courtroom 8A of the above-entitled
5  Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff-in-
6  Interpleader Primerica Life Insurance Company ("Primerica") and Defendant-in-
7  Interpleader Annalyn Ngo ("Ngo") will, and hereby do, jointly move the Court for
8  entry of default judgment in this matter against Defendant-in-Interpleader Kevin
9  Martinez ("Martinez"), as follows:

10  1. Declaring that Martinez and Ngo were required to interplead and
11  litigate their claims to the funds on deposit in this action, i.e., $150,511.64
12  representing the $150,000 benefit of Primerica Life Insurance Company policy
13  number 0434664846 (the "Policy") plus $511.64 in interest on the same (the
14  "Deposited Benefit");

15  2. Awarding Primerica $5,796.50 in reasonable attorneys' fees and costs
16  from the Deposited Benefit;

17  3. Awarding the remainder of the Deposited Benefit ($144,715.14), plus
18  any and all interest accruing on the Deposited Benefit while on deposit, to Ngo;

19  4. Discharging Primerica from any liability to Martinez and/or Ngo with
20  respect to the Policy, the Deposited Benefit, or any claims for the Deposited Benefit;

21  5. Enjoining and restraining Martinez and Ngo, and their respective agents
22  and assigns, from instituting or prosecuting any proceeding in any court against
23  Primerica and/or its agents with respect to the Policy or the Deposited Benefit; and

24  6. Dismissing the entire action, with prejudice.

25  This motion is made pursuant to Federal Rule of Civil Procedure 55(b)(1) and
26  Local Rule 55-1 on the grounds that Martinez has failed to respond to Primerica's
27  Complaint (Doc. No. 1) or otherwise to appear in this action and the Clerk entered
28  Martinez's default pursuant to Federal Rule of Civil Procedure 55(a) on June 5, 2023

[Doc. No. 24]. This motion also is made on the grounds that Martinez is not a minor or an incompetent person, the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply, and the judgment does not seek unliquidated damages from Martinez.

The motion is based on this notice, the attached memorandum of points and authorities, the concurrently-filed declaration of Ophir Johna, the pleadings and records on file in this action, and such other matters as may be presented prior to or at any hearing of this motion.

Dated:  September 7, 2023          MAYNARD NEXSEN LLP

                                   By:  /s/ Ophir Johna
                                        OPHIR JOHNA
                                        Attorneys for Plaintiff-in-Interpleader
                                        Primerica Life Insurance Company

Dated:  September 7, 2023          SIMONE & ROOS, LLP

                                   By:  /s/ Martin M. Simone
                                        MARTIN M. SIMONE
                                        Attorneys for Defendant-in-Interpleader
                                        Annalyn Ngo

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Ophir Johna hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. THE COMPLAINT'S ALLEGATIONS ....................................................... 2

III. MARTINEZ'S DEFAULT ............................................................................. 4

IV. PRIMERICA AND NGO'S STIPULATION ................................................ 4

V. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MARTINEZ ................................................................................. 4

VI. PRIMERICA AND NGO ARE ENTITLED TO THE REQUESTED RELIEF ................................................................................... 7

VII. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Bayona*,
   223 F.3d 1030 (9th Cir. 2000) ..................................................................................5

*Allstate Life Ins. Co. v. Markowitz*,
   2022 WL 1843999 (C.D. Cal. Mar. 14, 2022).........................................................8

*Am. Gen. Life Ins. Co. v. Durbin*,
   2016 WL 3583826 (C.D. Cal. June 10, 2016)......................................................6, 8

*Danning v. Lavine*,
   572 F.2d 1386 (9th Cir. 1978) ..................................................................................6

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ..................................................................................5

*Garamendi v. Henin*,
   683 F.3d 1069 (9th Cir. 2012) ..................................................................................5

*Geddes v. United Fin. Grp.*,
   559 F.2d 557 (9th Cir. 1977) ....................................................................................5

*Great Am. Life Ins. Co. v. Brown-Kingston*,
   2019 WL 8137717 (E.D. Cal. May 14, 2019).........................................................8

*Metropolitan Life Ins. Co. v. Lewis*,
   2022 WL 18284899 (C.D. Cal. Dec. 19, 2022).......................................................8

*Minnesota Life Ins. Co. v. Tetteh*,
   2018 WL 11352984 (C.D. Cal. Dec. 13, 2018).......................................................9

*Nationwide Mutual Life Ins. Co. v. Eason*,
   736 F.2d 130 ............................................................................................................9

*Nolan v. Calello*,
   2021 WL 4621945 (C.D. Cal. July 8, 2021)............................................................5

*PepsiCo, Inc. v. Cal. Sec. Cans*,
   238 F.Supp.2d 1172 (C.D. Cal. 2002) ........................................................................ 6

*Pruco Life Ins. Co. v. Chao Hui Tan*,
   2020 WL 2572804 (N.D. Cal. May 21, 2020) ........................................................... 8

*ReliaStar Life Ins. Co. v. Northam*,
   2013 WL 5703341 (E.D. Cal. Oct. 16, 2013) ............................................................ 9

*Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*,
   306 F.2d 188 (9th Cir. 1962) ....................................................................................... 9

*Septembertide Publ'g v. Stein & Day, Inc.*,
   884 F.2d 675 (2nd Cir.1989) ..................................................................................... 10

*Sun Life. Assur. Co. of Canada v. Chan's Estate*,
   2003 WL 22227881 (N.D. Cal. Sept. 22, 2003) ................................................ 8, 10

*Transamerica Life Ins. Co. v. Shubin*,
   2012 WL 2839704 (E.D. Cal. July 10, 2012) ........................................................... 6

*United States v. High Tech. Prods.*,
   497 F.3d 637 (6th Cir. 2007) ....................................................................................... 8

*Vogel v. Rite Aid Corp.*,
   992 F.Supp.2d 998 (C.D. Cal. 2014) ......................................................................... 5

*W. Conference of Teamsters Pension Plan v. Jennings*,
   2011 WL 2609858 (N.D. Cal. June 6, 2011) ........................................................ 5, 9

**Statutes**

28 U.S.C. § 2361 ................................................................................................................. 8

50 U.S.C. App. § 521 ..................................................................................................... 2, 7

**Rules**

Fed. R. Civ. P. 8(b)(6) ....................................................................................................... 5

Fed. R. Civ. P. 22(a) .......................................................................................................... 6

Fed. R. Civ. P. 55(a) ................................................................................................ 1

Fed. R. Civ. P. 55(b) ........................................................................................ 1, 4, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion for default judgment is brought jointly by Plaintiff-in-Interpleader Primerica Life Insurance Company ("Primerica") and Defendant-in-Interpleader Annalyn Ngo ("Ngo"), consistent with this Court's order dated August 28, 2023 (Doc. No. 31). Primerica's Complaint in this action asserts a single claim, for interpleader, against two parties—Ngo and Kevin Martinez ("Martinez")—arising out of their conflicting claims for the death benefit under a life insurance policy issued by Primerica. Primerica is a disinterested stakeholder, has admitted liability for the benefit in question, and has deposited that benefit in this Court in connection with this action. Martinez failed to respond to the Complaint and his default was entered by the Clerk on June 5, 2023. Ngo is the only remaining party in this lawsuit with a claim to the benefit on deposit.

Because Martinez has failed to respond to the Complaint or otherwise to appear in this action, Primerica and Ngo now request the following order, which would dispose of the entire action:

(1) Declaring that Martinez and Ngo were required to interplead and litigate their claims to policy benefit on deposit in this action;

(2) Awarding Primerica $5,796.50 in reasonable attorneys' fees and costs from the deposited funds, as reimbursement for its fees and costs in bringing this action;

(3) Awarding the remainder of the deposited funds to Ngo, as the sole remaining claimant to those funds;

(4) Discharging Primerica from any liability to Martinez or Ngo with respect to the policy or its benefit;

(5) Enjoining Martinez and Ngo from any further suits against Primerica with respect to the policy or its benefit; and

(6) Dismissing the entire action, with prejudice.

Primerica and Ngo previously stipulated to certain of the above relief (Doc. No. 30), but this Court ordered that the relief be sought in the form of a motion for default judgment (Doc. No. 31), prompting this motion.

Primerica and Ngo respectfully request that the Court grant this motion in its entirety.

## II. THE COMPLAINT'S ALLEGATIONS

Primerica issued a life insurance policy, number 0434664846 (the "Policy"), to Martin Kunkel (the "Insured"). Doc. No. 1, ¶ 10. The Policy provided a death benefit of $150,000 (the "Benefit") in the event of the Insured's death to the beneficiary(ies) designated by the Insured, subject to terms, conditions, and provisions set forth in the Policy. *Id.* The Insured designated Ngo as the Policy's sole principal beneficiary. *Id.* at ¶ 11.

On or about September 28, 2022, the Insured died. *Id.* at ¶ 12. Following the Insured's death, Ngo submitted a claim for the Benefit. *Id.* at ¶ 13. Martinez, the Insured's son, contacted Primerica to dispute Ngo's claim and to "file a competing claim" for the Benefit based on the assertion that the Insured's designation of Ngo as the Policy's beneficiary was made "at the end of his life," when the Insured was "seriously ill" and "under a lot of medication." *Id.* at ¶ 14. Martinez contended that the Insured "was not of sound mind or unduly influenced and coerced when changing the beneficiary designation." *Id.* Martinez asserted that the Benefit should be paid to him and not to Ngo. *Id.*

Accordingly, Primerica faced the possibility that, if it were to pay the Benefit to Ngo, Primerica could be exposed to double liability in the event Martinez's contentions were determined to be meritorious. *Id.* at ¶ 16. Furthermore, regardless of their merit, Martinez's mere assertion of those contentions in any lawsuit against Primerica would result in vexation and expense to Primerica from being required to defend itself against the adverse claim. *Id.*

1 Accordingly, Primerica asserted a single claim against Ngo and Martinez, for
2 interpleader. *Id.* at ¶¶ 15-20. The claim is based on the contention that Primerica
3 was faced with possible competing and adverse claims to the Benefit, the validity of
4 which Primerica was unable to determine, and exposure to double liability for the
5 Benefit. *Id.* at ¶ 16.

6 Primerica disclaimed any interest in the Benefit (other than to the extent any
7 recovery of fees and costs from the stake may be permitted by law) and at all times
8 has been merely a non-interested stakeholder in this action. *Id.* at ¶¶ 18-19.
9 Primerica admitted its liability under the Policy in the Benefit amount of $150,000
10 plus applicable interest. *Id.* at ¶ 19.

11 The Complaint prayed for judgment against Ngo and Martinez, as follows:

12 A. That Defendants [i.e., Ngo and Martinez], and each of them, be required
13 to interplead and litigate among themselves their claims to the Benefit;

14 B. That this Court enter an order setting forth the proper recipient(s) of the
15 Benefit;

16 C. That the Court enter an order restraining Defendants, and each of them,
17 from instituting or further prosecuting any other proceeding in any court against
18 Primerica and/or its agents with respect to the Policy and/or the Benefit;

19 D. That Primerica be discharged of all liability with respect to the Policy
20 and the Benefit;

21 E. That Primerica be awarded its costs and reasonable attorneys' fees to
22 be determined by the Court and paid out of the stake; and

23 F. For such other and further relief as the Court deems reasonable and just
24 under the circumstances.

25 Doc. No. 1 at pp. 5-6.

26 On March 17, 2023, the Court granted Primerica's application for leave to
27 deposit the proceeds at issue in the Complaint. Doc. No. 14. On March 21, 2023,
28

3

Primerica deposited $150,511.64 in this Court (the "Deposited Benefit"), consisting of the Benefit ($150,000) plus interest ($511.64). Doc. Nos. 15, 16.

### III. MARTINEZ'S DEFAULT

Martinez was served with the summons and Complaint on April 25, 2023. Doc. No. 20. After Martinez failed to respond to the Complaint or otherwise to appear in this action, Primerica requested entry of his default (Doc. No. 23), which the Clerk of this Court entered on June 5, 2023 (Doc. No. 24).

### IV. PRIMERICA AND NGO'S STIPULATION

On August 22, 2023, Primerica and Ngo filed a stipulation to discharge and dismiss Primerica, enjoin further suits, and award Primerica $5,796.50 in fees and costs from the Deposited Benefit. Doc. No. 30. The stipulation did not seek distribution of the remainder of the Deposited Benefit to Ngo, as Ngo planned to seek that relief separately. *Id.* On August 28, 2023, the Court denied the stipulation and ordered that the parties submit a motion for default judgment against Martinez, since the relief sought included relief against Martinez. Doc. No. 31.

### V. THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST MARTINEZ

Federal Rule of Civil Procedure ("Rule") 55(b) permits allows the Clerk to enter default judgment "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).[1]

For purposes of default judgment, "the factual allegations in the complaint, except those concerning damages, are taken as true and deemed admitted by the

---

[1] "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Here, Martinez has not appeared, either personally or through a representative, so no notice is required.

4

nonresponding party," and therefore require no proof. *Nolan v. Calello*, 2021 WL 4621945, at *2 (C.D. Cal. July 8, 2021) (citing Fed. R. Civ. P. 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); and *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012)).

The decision to grant or deny default judgment is within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Vogel v. Rite Aid Corp.,* 992 F.Supp.2d 998, 1005 (C.D. Cal. 2014). In exercising that discretion, the court may consider the following factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

Here, each of the so-called "*Eitel* factors" weighs in favor of granting default judgment against Martinez.

**Possibility of Prejudice to Primerica:** Primerica will suffer prejudice if the Court does not grant default judgment because it will be denied the benefits of the interpleader process, i.e., "protect[ing] stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000). Additionally, Ngo—the only answering defendant— may be prejudiced if default judgment is denied. *See W. Conference of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *3 (N.D. Cal. June 6, 2011) ("Without entry of default judgment, the competing stakeholders' claims can not be finally resolved."). Thus, the first *Eitel* factor is met.

**Merits of the Claim and Sufficiency of the Complaint:** These two factors often are combined because, in essence, they ask whether the plaintiff has stated a

claim on which it may recover. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Under Rule 22, "persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a). An interpleader claim is sufficiently pled when the stakeholder alleges that there are potentially competing claims and that it "has a real and reasonable fear of double liability or vexatious, conflicting claims." *Transamerica Life Ins. Co. v. Shubin*, 2012 WL 2839704, at *5 (E.D. Cal. July 10, 2012). The Complaint here adequately alleges that Primerica was faced with conflicting claims from Martinez and Ngo, the validity of which Primerica was unable to determine, and that Primerica feared exposure to double or multiple liability for the Deposited Benefit. Doc. No. 11, ¶¶ 15-19. As such, the second and third *Eitel* factors are met.

**Sum of Money at Stake:** In interpleader actions, this factor is neutral because the interpleading party (here, Primerica) does not seek damages. *See Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *4 (C.D. Cal. June 10, 2016). Indeed, the Complaint alleges that Primerica is a disinterested stakeholder (Doc. No. 1, ¶¶ 18-19), and Primerica has deposited the disputed funds in this Court (Doc. No.16). This factor therefore weighs in favor of default judgment.

**Possibility of a Dispute Concerning Material Facts:** As noted above, Martinez's failure to respond to the Complaint or otherwise appear in this action, and the Clerk's resultant entry of his default, mean that the Complaint's allegations are taken as true. *Nolan*, 2021 WL 4621945, at *2. Accordingly, this factor weighs in favor of default judgment. *Id.* at *5.

**Whether Default Was Due to Excusable Neglect:** There is no evidence here that Martinez's failure to respond to the Complaint was due to excusable neglect. Thus, this favor favors default judgment.

**Strong Policy Favoring Decisions on the Merits:** A failure to respond to a complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Because

Martinez has failed to appear in this action, and further because he has expressed his intention not to participate in the litigation, this factor weighs in favor of default judgment.

In sum, all seven *Eitel* factors weigh in favor of granting this motion and entering default judgment against Martinez.

**Procedural Requirements:** The procedural requirements of Local Rule 55-1 also have been met. Local Rule 55-1 requires that a motion for the Court's entry of default judgment be accompanied by a declaration stating: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2). All of the above information is provided in the concurrently-filed Declaration of Ophir Johna.

## VI. PRIMERICA AND NGO ARE ENTITLED TO THE REQUESTED RELIEF

Primerica and Ngo seek judgment as follows:

1. Declaring that Martinez and Ngo were required to interplead and litigate their claims to the Deposited Benefit;
2. Awarding Primerica $5,796.50 in reasonable attorneys' fees and costs from the Deposited Benefit;
3. Awarding the remainder of the Deposited Benefit ($144,715.14), plus any and all interest accruing on the Deposited Benefit while on deposit, to Ngo;
4. Discharging Primerica from any liability to Martinez and/or Ngo with respect to the Policy, the Deposited Benefit, or any claims for the Deposited Benefit;

7

|   |   |   |
|---|---|---|
| 5. | | Enjoining and restraining Martinez and Ngo, and their respective agents and assigns, from instituting or prosecuting any proceeding in any court against Primerica and/or its agents with respect to the Policy or the Deposited Benefit; and |
| 6. | | Dismissing the entire action, with prejudice. |

The discharge of a disinterested stakeholder and permanent injunction of further suits is appropriate and routinely granted in interpleader actions. *See Great Am. Life Ins. Co. v. Brown-Kingston*, 2019 WL 8137717, at *3 (E.D. Cal. May 14, 2019) (discharging insurer from liability, enjoining further suits, and stating: "In any civil action of interpleader a district court may discharge the interpleading plaintiff from further liability, enjoin the parties from instituting further related actions, and make all other appropriate orders") (internal quotations omitted) (citing 28 U.S.C. § 2361; *Sun Life. Assur. Co. of Canada v. Chan's Estate*, 2003 WL 22227881, at * 2 (N.D. Cal. Sept. 22, 2003); and *United States v. High Tech. Prods.*, 497 F.3d 637 (6th Cir. 2007)); *Allstate Life Ins. Co. v. Markowitz*, 2022 WL 1843999, at *3 (C.D. Cal. Mar. 14, 2022) (discharging insurer from liability and enjoining future suits); *Metropolitan Life Ins. Co. v. Lewis*, 2022 WL 18284899, at *4 (C.D. Cal. Dec. 19, 2022) (granting default judgment discharging insurer from liability with respect to the policy benefit and enjoining the defaulting party from instituting or maintaining any action regarding the policy benefit); *Pruco Life Ins. Co. v. Chao Hui Tan*, 2020 WL 2572804, at *1 (N.D. Cal. May 21, 2020) (entering judgment in interpleader action, discharging the insurer from liability for the policy benefit, and permanently enjoining the interpleader defendants from instituting any action or proceeding against the insurer related to the policy benefit).

Furthermore, where all but one defendant in an interpleader action has defaulted, as is the case here, the Court can and should grant default judgment for the remaining defendant, entitling her to the stake. *See Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *5 (C.D. Cal. June 10, 2016) ("As a result of Durbin's

default, Kuhn is entitled to the Disputed Funds."); *W. Conference of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, *5 (N.D. Cal. 2011) ("Due to entry of default judgment against [the defaulting defendant, the answering defendant] is entitled to the interpleaded funds."); *Nationwide Mutual Life Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

Accordingly, the Court should enter judgment for the relief requested herein, which was prayed for in the Complaint.

Importantly, the reimbursement of Primerica's fees and costs from the Deposited Benefit is not relief that is being sought against Martinez, and thus need not be established or supported through this motion. Since Primerica and Ngo have established, above, that Martinez has no remaining claim to the Deposited Benefit, Ngo—as the only remaining defendant with a claim to the Deposited Benefit, and the defendant who is legally entitled to that benefit (*see id.*)—is able to stipulate to reimbursement of Primerica's fees and costs from the Deposited Benefit. Indeed, Primerica and Ngo so stipulated (Doc. No. 30), and both now request that relief jointly through this motion. Thus, the Court should award reimbursement of $5,796.50 to Primerica from the Deposited Benefit, as requested.[2]

Notably, however, the reimbursement of a stakeholder's fees and costs from the stake also is properly and routinely granted in interpleader actions. *See, e.g., Minnesota Life Ins. Co. v. Tetteh*, 2018 WL 11352984, at *3 (C.D. Cal. Dec. 13, 2018) ("the Ninth Circuit has explained that the proper rule . . . in an action in the nature of interpleader is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading") (citing and quoting *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962)); *ReliaStar Life Ins. Co. v. Northam*, 2013 WL 5703341, at *2 (E.D. Cal. Oct. 16,

---

[2] Primerica can support its request in a supplemental filing, if the Court believes that such support is required.

9

2013) ("under the court's inherent equitable powers in interpleader actions, courts have discretion to award attorney's fees and costs to a disinterested stakeholder where the stakeholder has acted in good faith."); *Sun Life. Assur. Co. of Canada v. Chan's Estate*, 2003 WL 22227881, at * 3 (N.D. Cal. Sept. 22, 2003) (citing and quoting *Septembertide Publ'g v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2nd Cir.1989)) ("As a general matter, a court will award fees from the proceeds where (1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.").

## VII. CONCLUSION

Based on the foregoing, Primerica and Ngo respectfully request that the Court grant this motion in its entirety and enter default judgment against Martinez on Primerica's Complaint in accordance with this motion, as well as all remaining relief sought through this motion.

Dated: September 7, 2023        MAYNARD NEXSEN LLP

                                By: /s/ Ophir Johna
                                    OPHIR JOHNA
                                    Attorneys for Plaintiff-in-Interpleader
                                    Primerica Life Insurance Company

Dated: September 7, 2023        SIMONE & ROOS, LLP

                                By: /s/ Martin M. Simone
                                    MARTIN M. SIMONE
                                    Attorneys for Defendant-in-Interpleader
                                    Annalyn Ngo

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Ophir Johna hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

# **CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Primerica Life Insurance Company and Annalyn Ngo, certify that this brief contains 2,943 words (excluding the caption, any table of contents, any table of authorities, the signature block, this certification, and any indices and exhibits), which complies with the word limit of Local Rule 11-6.1.

Dated: September 7, 2023   MAYNARD NEXSEN LLP

By: /s/ Ophir Johna
OPHIR JOHNA
Attorneys for Plaintiff-in-Interpleader
Primerica Life Insurance Company

Dated: September 7, 2023   SIMONE & ROOS, LLP

By: /s/ Martin M. Simone
MARTIN M. SIMONE
Attorneys for Defendant-in-Interpleader
Annalyn Ngo

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Ophir Johna hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

# **CERTIFICATE OF SERVICE**

*Primerica Life Insurance Company, et al. v. Annalyn Ngo*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **September 7, 2023** I served the document(s) entitled, PRIMERICA LIFE INSURANCE COMPANY AND ANNALYN NGO'S JOINT MOTION FOR COURT'S ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT KEVIN MARTINEZ on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted hereinI declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **September 7, 2023**, at Los Angeles, California.

Lea Borys

1020793\304578071.v1

# SERVICE LIST

*Primerica Life Insurance Company, et al. v. Annalyn Ngo, et al.*

**VIA U.S. MAIL**

Kevin Martinez Pro Se
12528 Katy Street
Norwalk, CA 90650

*Defendant Kevin Martinez Pro Se*

**VIA CM/ECF**

Martin Simone, Esq.
Simone & Roos, LLP
5627 Sepulveda Blvd., Ste. 206
Sherman Oaks, CA 91411
Email: Martin@frankandsimonelaw.com
msimone@simrooslaw.com
*Attorneys for Defendant Annalyn Ngo*