UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                          Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING THE MOTION FOR DEFAULT JUDGMENT (Doc. 32)**

Before the Court is a Joint Motion for Default Judgment as to Defendant Kevin Martinez.  (Mot., Doc. 32.)  The Court took this matter under submission and now, for the following reasons, GRANTS the Motion.

**I.     BACKGROUND**

Plaintiff Primerica Life Insurance Co. initiated this interpleader action to determine the lawful recipient of a death benefit.  (*See* Compl., Doc. 1.)  On August 14, 2022, Primerica issued an individual term life insurance policy to Martin Kunkel, with the policy number 0434664846.  (*Id.* ¶¶ 9, 10.)  The policy provided a death benefit of $150,000 in the event of Kunkel's death.  (*Id.* ¶ 10.)  Kunkel designated Annalyn Ngo as the sole principal beneficiary and Thomas Soto as the sole contingent beneficiary.  (*Id.* ¶ 11.)

Kunkel died on September 28, 2022 and Ngo submitted a claim for the death benefit.  (*Id.* ¶¶ 12, 13.)  Kevin Martinez, Kunkel's son, contacted Primerica to dispute the claim and file a competing claim for the death benefit.  (*Id.* ¶ 14.)  Martinez alleged that Ngo was designated as the beneficiary "at the end of [Kunkel's] life" and Kunkel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-CV-01478-JLS-AFM | Date: October 20, 2023 |
| Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al. | |

was "seriously ill" and "under a lot of medication." (*Id.*)  Alleging that Kunkel was "unduly influenced and coerced," Martinez claimed a right to the death benefit. (*Id.*)

Faced with these competing claims to the death benefit, Primerica filed the present interpleader action.  Primerica alleges that it cannot determine the validity of the competing claims and is exposed to multiple liability for the death benefit. (*Id.* ¶ 16.)  Primerica alleges that it filed this interpleader claim in good faith and without collusion. (*Id.* ¶ 18.)  Primerica admits liability under the life insurance policy as to the death benefit amount of $150,000. (*Id.* ¶ 19.)  Primerica has deposited that amount with the Court, plus the interest that has accrued, and the Court holds deposit funds in the amount of $150,511.64. (Financial Entry, Doc. 16.)

Primerica initiated this action on February 28, 2023. (Compl.)  Ngo waived service and filed her answer on April 28, 2023. (Waiver of Service, Doc. 13; Answer, Doc. 17.)  Primerica effectuated service against Martinez on April 25, 2023 by leaving a copy of the Complaint and Summons with an adult male who resided at Martinez's home. (Proof of Service, Doc. 20.)  Martinez never appeared or filed an answer and the Court entered default against Martinez on June 5, 2023. (Entry of Default, Doc. 24.)  Primerica and Ngo filed this Motion, seeking to discharge Primerica from the action, relieve Primerica of liability, disburse the funds in Ngo's favor, and dismiss the action. (Mot. at 1–2.)

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default judgment must be preceded by an entry of default.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. *Geddes v. United*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-CV-01478-JLS-AFM                                    Date: October 20, 2023
Title: Primerica Life Ins. Co. v. Annalyn Ngo, et al.

*Fin. Corp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (internal citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

      A court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel,* 782 F.2d at 1471–72.

### III.   ANALYSIS

      To grant the Motion and issue the relief requested, the Court must determine first that this is a proper interpleader action. Next, the Court must confirm that the Parties have satisfied Local Rule 55-1, which governs default judgments. Finally, the Court must evaluate the *Eitel* factors. The Court addresses each step of this analysis in turn.

#### A. This Action Was Properly Brought as an Interpleader Action

      "There are two steps to an interpleader action: . . . 'the first determining that the requirements of [28 U.S.C.] § 1335 are met and relieving the plaintiff stakeholder from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                   Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

liability, and the second adjudicating the adverse claims of the defendant claimants.'" *W. Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *4-5 (N.D. Cal. June 6, 2011) (quoting *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2nd Cir. 1983)); and see *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023–24 (9th Cir. 2010) (quoting *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)).  The requirements for an interpleader action have been met when there is "a single fund at issue" and "there are adverse claimants to that fund."  *Mack*, 619 F.3d at 1023 (quoting *Rhoades*, 196 F.3d at 600).  "The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder … is whether the stakeholder legitimately fears multiple vexation directed against a single fund."  *Big Island Yacht Sales v. Dowty,* 848 F. Supp. 131, 133, n.1 (D. Haw. 1993) (quoting 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1704 (1986)).  "Discharge is normally granted absent bad faith by the stakeholder."  *Jennings*, 2011 WL 2609858, at *5.

Here, Primerica alleges that the death benefit is a single fund and that multiple claimants, both Ngo and Martinez, laid claim to that fund.  (Compl. ¶ 16.)  There is no alleged bad faith by Primerica.  Therefore, Martinez and Ngo were required to interplead and litigate their claims to the death benefit.

### B. Default Judgment is Appropriate

#### 1. Parties Have Satisfied Local Rule 55-1

The Motion complies with Local Rule 55-1.  The Parties accompanied the Motion with a sworn declaration stating that, on June 5, 2023, default was entered on Primerica's Complaint against Martinez, that Martinez is not an infant or incompetent person, that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-CV-01478-JLS-AFM | Date: October 20, 2023 |
| Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al. | |

Servicemembers Civil Relief Act does not apply, and that no notice was required under Federal Rule of Civil Procedure 55(b)(2) or Local Rule 55-1(e).  (Johna Decl. ¶¶ 3–6, Doc. 32-1.)  The Court therefore analyzes the *Eitel* factors to determine whether entry of default judgment is appropriate.

      2.  *Eitel* Factors

          **a.  Possibility of Prejudice to Present Parties**

"The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered." *Landstar Ranger, Inc. v. Parth Enters., Inc*., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).  Primerica contends that it may be subject to multiple liability without the Court's adjudication of the respective claims to the death benefit. (Compl. ¶ 16.)  Primerica adds that denial of the Motion will deny Primerica of the benefits of the interpleader process.  (Mot. at 5.)  "Here, absent a default judgment, Plaintiff would suffer prejudice because Plaintiff 'would be denied the finality of judgment sought through their interpleader action.'" *Am. Gen. Life Ins. Co. v. Maurer*, 2017 WL 7803793, at *8 (C.D. Cal. July 14, 2017) (quoting *Trustees of IL WU-PMA Pension Plan v. Coates*, 2013 WL 556800, at *5 (N.D. Cal. Feb. 12, 2013); and *see W. Res. Life Assurance Co. of Ohio v. Canul*, 2012 WL 844589, at *2 (E.D. Cal. Mar. 12, 2012) (finding that the plaintiff "would be prejudiced if a default judgment is not granted" because the plaintiff "has no other alternative by which to evaluate [d]efendant's claim to the life insurance policy"); *Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016) ("[Plaintiff] would be prejudiced if default judgment is not entered because it would be denied the benefits of the interpleader device, i.e., 'protect[ing] stakeholders from multiple liability as well as from the expense of multiple litigation.'" (quoting *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000))).  Moreover, Ngo would suffer prejudice absent default judgment because she would be unable to resolve her claim to the death benefit.  *See Jennings*, 2011 WL 2609858, at *3 ("Plaintiff[] and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                         Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

[answering defendant] would suffer prejudice if the Court does not enter default judgment. The dispute concerns [d]efendants' competing claims to interpleaded funds. Without entry of default judgment, the competing stakeholders' claims cannot be finally resolved.").

Accordingly, this factor favors entry of a default judgment.

### b. The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors look at (1) the merits of a plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471.  These two factors require that a plaintiff "state a claim on which [it] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal quotation marks and citation omitted).  Because "[t]he primary purposes for an action in interpleader are '(1) to protect the party depositing the funds with the court from secondary, follow-up actions and (2) to protect the resources of the interpleading party,'" a claim for interpleader is sufficiently stated where the plaintiff acknowledges its obligation to pay one or more of the defendants and resolution of the defendants' respective claims to the interpleaded funds will protect the plaintiff from multiple liability. *Coates*, 2013 WL 556800, at *6 (quoting *Canul*, 2012 WL 844589 at *2).  Here, Primerica pleads an obligation to pay, an inability to determine the rightful payee, and possible exposure to multiple liability. (Compl. ¶¶ 16, 19.)  This is sufficient to state a claim for relief in interpleader.

Accordingly, this factor weighs in favor of default judgment.

### c. Amount of Money at Issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFMDate: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

Under the fourth factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. In an interpleader action, however, this factor is typically neutral because the plaintiff is not asserting an interest in the interpleaded funds but is rather seeking relief to divest itself of any such interest. *Transamerica Life Ins. Co. v. Estate of Ward*, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (finding the nearly $400,000 at stake "a significant sum of money" but nonetheless finding the fourth *Eitel* factor neutral where "[the plaintiff] is not asserting an interest in those funds and . . . seeks to resolve the conflicting claims to the interplead funds and ensure that the funds are released to the proper party so that no outstanding claims thereto remain"). Indeed, Primerica disclaims any interest in the death benefit. (Compl. ¶ 18.) Thus, "Plaintiff[] . . . [is] not asserting a claim to the funds, but [is] attempting to distribute the funds to the party entitled to the plan benefits. There is no dispute that the funds to be deposited and distributed are determined by the [insurance policy]." *Coates*, 2013 WL 556800, at *6.

Accordingly, this factor is neutral.

### d.  The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). Where the plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote. *See id.* at 1061; *Landstar Ranger*, 725 F. Supp. 2d at 921-22 ("Since [plaintiff] has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment."). As discussed, Primerica has adequately stated a claim in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM　　　　　　　　　　　　　　　Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

interpleader.  Martinez has failed to appear and has therefore admitted all material facts alleged in the Complaint, including that Ngo may be entitled to the death benefit under the terms of the insurance policy. (See Compl. ¶¶ 11, 13.)  Therefore, no factual disputes exist that would preclude the entry of default judgment.

　　　　This factor thus favors the entry of default judgment.

### e.  The Possibility of Excusable Neglect

　　　　"The sixth *Eitel* factor considers whether defendant's default may have been the product of excusable neglect."  *Landstar Ranger*, 725 F. Supp. 2d at 922.  This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *Id.* (concluding that this factor favored default judgment and "possibility of excusable neglect is remote" where defendant had been properly served).  Here, Martinez was served with the Complaint. (Proof of Service.)

　　　　Accordingly, this factor weighs in favor of the entry of default judgment.

### f.  Policy Favoring Decisions on the Merits

　　　　"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment."  *Craigslist*, 694 F. Supp. 2d at 1061.  "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But "Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend."  *Landstar Ranger*, 725 F. Supp. 2d at 922.  In this case, Martinez has failed to appear or otherwise respond to the Complaint.  Therefore, this factor favors the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                  Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

### g. Conclusion as to the *Eitel* Factors

In sum, the *Eitel* factors weigh in favor of the entry of default judgment as to Martinez. For the reasons stated above, the Court GRANTS the Motion for Default Judgment against Martinez.

## IV. REMEDIES

Ngo seeks disbursal of the deposited funds in her favor. (Mot. at 7.) Primerica requests attorneys' fees and costs, to be distributed from the deposited funds, and Ngo agrees to payment of those fees and costs. (*Id.*) The Court finds both disbursals appropriate.

Upon entry of default judgment against Martinez, there are no other remaining claimants to the death benefit. *See Jennings*, 2011 WL 2609858, at *4 (granting default judgment against one claimant and distributing interpleaded funds to the only remaining claimant); *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wa. 2014) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted …." (quoting *Sun Life Assur. Co. of Canada (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006))). Accordingly, the Court GRANTS Ngo's request.

Because Ngo has stipulated to award Primerica $5,796 in fees and costs, that award is also GRANTED. Furthermore, "[t]he Ninth Circuit has explained that 'the proper rule ... in an action in the nature of interpleader is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading.'" *Minnesota Life Ins. Co. v. Tetteh*, 2018 WL 11352984, at *3 (C.D. Cal. Dec. 13, 2018) (quoting *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962)). Reimbursement of Primerica's fees and costs is therefore proper in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                                Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.

**V.      CONCLUSION**

For the above reasons, the Motion for Default Judgment is GRANTED.  The following relief is ORDERED:

1) The Court declares that Martinez and Ngo were required to interplead and litigate their claims to the death benefit;

2) Primerica is awarded $5,796.50 in attorneys' fees and costs from the deposited funds;

3) The remainder of the deposited funds ($144,715.14) are awarded to Ngo.

4) Primerica is discharged from any liability to Martinez and Ngo with respect to the insurance policy and death benefit identified in this Order.

5) Martinez and Ngo, and their respective agents and assigns, are enjoined from instituting or prosecuting any proceedings in any court against Primerica and its agents with respect to the insurance policy and death benefit identified in this Order.

Parties are ORDERED to submit a proposed judgment, **no later than seven (7) days from the date of this Order**, consistent with the relief described in this Order.  Upon the issuance of that judgment, the case will be dismissed.

Initials of Deputy Clerk: gga

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-CV-01478-JLS-AFM                                    Date: October 20, 2023
Title:  Primerica Life Ins. Co. v. Annalyn Ngo, et al.